**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JOY ANDREWS,** | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **WASHINGTON COUNTY SHERIFF,** | |
| **Defendant.** | **Case No.  2:09CV00453DAK** |

This matter is before the court on Defendant Washington County Sheriff's Motion to Dismiss. The court concludes that oral argument would not significantly aid the court in deciding the issues presented in Defendant's Motion to Dismiss. Having fully considered the motion and memoranda submitted by the parties and the facts and law relevant to this motion, Defendant's Motion to Dismiss is GRANTED and the court enters the following Order.

**BACKGROUND**

On November 27, 2006, Plaintiff's employment as a corrections deputy in the Washington County Jail was terminated for violations of the Uniform Standards of Conduct. Plaintiff filed a Notice of Appeal with the Washington County Commissioner's Office on December 6, 2006. The Commissioner's Office affirmed the decision to terminate on April 5, 2007. Shortly thereafter, Plaintiff completed the third and final step of the County's mandatory dispute resolution process when she filed a Notice of Appeal with the Career Service Council on

1

May 3, 2007. The Council's decision was issued on September 5, 2007 affirming the County

Commissioner's decision.

On November 9, 2007, Plaintiff filed a "Charge of Discrimination" with the Utah State

Labor Commission and the Equal Employment Opportunity Commission ("EEOC"). On

February 22, 2008, the Utah State Labor Commission issued a determination and order

dismissing Plaintiff's Charge of Discrimination because she failed to request agency action

within the 300-day statutory time period.

Plaintiff opted to request a Utah Antidiscrimination & Labor Division ("UALD") hearing

and an EEOC review of the Order. On September 17, 2008, Administrative Law Judge ("ALJ"),

Cheryl D. Luke affirmed the dismissal of Plaintiff's UALD complaint for failure to file a timely

charge under Utah Code Ann. § 34A-5-107 (2008). Plaintiff then asked the Utah Labor

Commission to review the ALJ's Order of dismissal. The Commission affirmed the ALJ decision

on November 26, 2008. Plaintiff opted to ask the Utah State Labor Commission to reconsider its

previous Order. Meanwhile, on November 19, 2008, the EEOC sent correspondence to Plaintiff

rescinding a previously issued Dismissal and Notice of Right to Sue.

The Commission took a second look at the case on February 17, 2009, but affirmed its

previous decision, thereby denying Plaintiff's request for reconsideration. Both the ALJ's and

Commission's Orders allowed for appeal to the Utah Court of Appeals within 30 days of each

respective Order. Plaintiff did not appeal either Order. On June 30, 2009, approximately six

weeks after this suit was filed, the EEOC issued a Dismissal and Notice of Right to Sue, which

indicated that the EEOC had adopted the findings of the UALD and confirmed Plaintiff's right to

2

file suit in federal or state court.

**DISCUSSION**

**1. Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[a]ll well-pleaded factual allegations in a complaint are accepted as true and viewed in the light most favorable to the plaintiff." *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).

**2. Defendant's Motion to Dismiss**

Defendant argues that because Plaintiff's claims are barred by the applicable statute of limitations, the complaint alone is legally insufficient to state a claim upon which relief may be granted. The Supreme Court recently noted:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . .

*Jones v. Bock,* 549 U.S. 199, 215 (2007). Specifically, Defendant contends that Plaintiff failed to meet the statutory requirement that a discrimination charge be filed with 300 days of the alleged discriminatory practice.

**A. Failure to State a Claim Upon Which Relief Can be Granted**

The Utah Antidiscrimination Act requires a request for agency action to be filed within 180 (extended to 300 by cooperative agreement with the EEOC) days "after the alleged discriminatory or prohibited employment practice occurred." Utah Code Ann. § 34A-5-107(1)(c) (2008). There is no dispute that Plaintiff's employment was terminated on November 27, 2006,

3

and that the statutory requirement that a request for agency action be filed within 300 days resulted in an expiration of that period on September 23, 2007. Plaintiff filed her charge on November 9, 2007, over forty days past the cut-off date. Every adjudicative body that has examined the facts of this case has concluded that Plaintiff's discrimination charge was not timely filed. This court agrees with those findings. Even accepting each of the facts that have been pled as true and construing all inferences in favor of the Plaintiff, the UALD/EEOC charge was untimely filed.

To exhaust administrative remedies, a pre-requisite to obtaining relief under Title VII,  a Title VII plaintiff must present her claims to the EEOC as part of a *timely* filed EEOC charge. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse,* 165 F.3d 1321, 1326 (10th Cir. 1997) (emphasis added); *see also Beene v. Delaney*, 70 Fed. Appx. 486, 490 (10th Cir. 2003) (holding that while not a jurisdictional bar, failing to timely file her grievance with the EEOC is still a bar to the plaintiff's suit in district court). Because Plaintiff did not timely file her charge with the UALD/EEOC, she failed to exhaust her administrative remedies and her present suit is barred. *See Simms* 165 F.3d at 1326. Plaintiff's principal case on this exhaustion question, an unpublished decision, cites almost verbatim the same case law that Defendant uses to support the requirements for a timely filed charge as a requisite for exhaustion.

> Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999); *Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 799 (10th Cir. 1997). To exhaust administrative remedies, a Title VII plaintiff generally must present her claims to the EEOC as part of her timely filed EEOC "charge" for which she has received a right-to-sue letter. *See Simms,* 165 F.3d at 1326.

*Welsh v. City of Shawnee,* 1999 WL 345597, *2 (10th Cir. 1999).

Plaintiff argues that failure to file a timely charge is not a jurisdictional impediment and thus is subject to equitable tolling or waiver of the time limitation. Accepting that as true, nothing in the pleadings persuades this court that a tolling or waiving of the filing deadline should take place under the current Tenth Circuit standards for the application of these equitable doctrines. In this Circuit, equitable tolling of a statute of limitations is only available "where the defendant has actively misled the plaintiff respecting the cause, or where the plaintiff has in some extraordinary way been prevented from asserting his [or her] rights." *Cotrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838 (10th Cir. 1979).

Plaintiff claims that she did not have sufficient time to file a timely charge because the Career Service Council review process did not conclude until three weeks prior to the 300-day deadline. The decision of the Career Service Council was handed down in writing on September 5, 2007 – two and a half weeks before the deadline for Plaintiff to file her charge with the UALD/EEOC – leaving the Plaintiff ample time to file her charge. Even if the court ignores this fact, nothing compelled Plaintiff to wait until that point to file her charge. Further, the process had been ongoing for almost a year at that stage and Plaintiff's charge could easily have been prepared and filed soon after the Council's decision was provided. Yet, Plaintiff failed to file until six weeks later. Requiring the Plaintiff to participate in a mandatory, universally applied dispute resolution process, that still left time available to Plaintiff to timely file her charge with the UALD/EEOC, does not rise to the level of an extraordinary deprivation of Plaintiff's rights. Neither does it constitute an active attempt on the part of the Defendant to mislead the Plaintiff.

Thus, the court finds that, on its face, an untimely filed UALD/EEOC charge precludes any relief. Additionally, by extension, failure to file a timely charge is a failure to exhaust administrative remedies and the court is further precluded from awarding relief on that basis as well.

### B. Jurisdictional Analysis

Much of the briefing in this matter relates to whether this court has jurisdiction to hear the case. Defendant initially argues that the failure to file a timely charge (as a failure to exhaust administrative remedies) deprives this court of jurisdiction. The court has considered that argument in the context of Plaintiff's failure to state a claim upon which relief can be granted and will not address it again in the jurisdictional context.

### 1. Failure to Exhaust Administrative Remedies by Failing to Appeal

Defendant further asserts that Plaintiff failed to exhaust her administrative remedies by not requesting review by the Utah Court of Appeals, as was provided for in the Utah Labor Commission's and ALJ's Orders. While Plaintiff is correct in asserting that Title VII does not require Plaintiff to pursue review by the Utah Court of Appeals, both Utah Code Ann. § 34A-5-107 (2008) and *Horvath v. Savage Mfg.*, 18 F. Supp. 2d 1296, 1306 (D. Utah 1998) support Defendant's contention that failure to appeal to the Utah Court of Appeals is a failure to exhaust administrative remedies that divests this court of jurisdiction over the matter. The authority cited by the Plaintiff is not directly on point and fails to refute the contention that failure to pursue an appeal to the Utah Court of Appeals is a failure to exhaust all administrative remedies.

### 2. EEOC Notice of Right to Sue

6

Finally, Plaintiff asserts that all that is required to meet the jurisdictional prerequisite of exhausting remedies is for the Plaintiff "to have filed a formal charge with the EEOC, and for the EEOC to have dismissed that charge."  Pl.'s Mem. Opp. 4. There appears to be no dispute that a formal charge was indeed filed, but the problem arises in determining when the EEOC dismissed the charge and provided a Notice of Right to Sue. Two alternatives Dismissals present themselves.

First, the EEOC sent Plaintiff a letter on November 19, 2008, rescinding a previously issued dismissal and provision of Notice of Right to Sue. This letter implies that at some stage prior to that date the Plaintiff had in her possession a right to sue letter which would have allowed her to bring this suit within ninety days. There are no other facts alleged in the pleadings to support the existence of a 2008 Dismissal and Notice of Right to Sue, much less the existence of any suit filed with ninety days of its receipt. Further, the 2008 Dismissal was later rescinded before this suit was filed. As such, the 2008 Dismissal does not provide a jurisdictional basis for this suit.

The second alternative is the EEOC Dismissal and Notice of Right to Sue dated June 30, 2009. Plaintiff, however, received the 2009 Dismissal six weeks after she had already filed this suit. Some other circuits have held that the subsequent receipt of a Notice of Right to Sue cures the deficiency of not having the authorization to sue at the time of suit, but the court could find no Tenth Circuit precedent on the question. *See e.g., Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258 (4th Cir. 1972); *Pinkard v. Pullman-Standard*, 678 F.2d 1211 (5th Cir. 1982); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346 (9th Cir. 1984).

Plaintiff contends that the action of the UALD, in finally dismissing the charge on February 17, 2009, can be attributed to the EEOC and is essentially the equivalent of receiving a Notice of Right to Sue. But she cites no authority to support that contention. The language of 42 U.S.C. 2000e–5 clearly contemplates action by the EEOC. There is no mention in that federal statute of a state administrative agency acting in place of, or as an agent of, its federal counterpart for the purposes of issuing a Notice of Right to Sue. The court concludes that there is no support for Plaintiff's claim that the UALD dismissal, in the absence of any communication from the EEOC, was the trigger enabling her to file this suit.

Even if this court adopted the reasoning of the circuit courts allowing the subsequent receipt of a Notice of Right to Sue to correct the jurisdictional deficiency, the issues of exhaustion of administrative remedies and the role of the Notice of Right to Sue speak to whether subject matter jurisdiction exits rather than to whether the claims can result in relief. Assuming jurisdiction exists on either of these bases does not change the fact that Plaintiff's charge was filed untimely and there is no basis for waiving or tolling the limitations period. The court concludes, therefore, that Plaintiff has failed to state a claim upon which relief can be granted.

### C. Sheriff's Office as an Entity that Can be Sued

Defendant argues, and Plaintiff disputes, that the Washington County Sheriff's office is not an entity that can be sued. Given that Plaintiff's claims were not timely filed, and are thereby not eligible for relief, the court does not have to and declines to reach the question of whether the Sheriff's Department is an entity that can be sued.

**CONCLUSION**

Based on the above reasoning, Defendant's Motion to Dismiss is GRANTED. Plaintiff's case is dismissed with prejudice.

DATED this 14th day of September, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge